UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINNA BRIDGEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN CHILD PROTECTIVE SERVICES,<br><br>    Defendant. | No. 2:19-cv-02108 JAM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

1 | The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2 | policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

   A. The Complaint

Plaintiff brings suit against San Juaquin Child Protective Services for violations the First Amendment and the Fourteenth Amendment. ECF No. 1 at 2. Plaintiff alleges that in 2017 her case was transferred to San Joaquin County and at this time she informed social worker Sue Winslow that her child needed therapy, but it took a year to get that service. Id. at 3. Plaintiff alleges the "case plan" included therapy for her and her daughter to do together, and that was the only thing not done in the case. Id. Plaintiff demands that her daughter receive $1,000,000, that her own name removed from "Allcentral Index," and that the social workers be investigated for "indictment for case plan setup to fail, falsified court reporting." Id. at 4.

Plaintiff further alleges as follows. Sue Winslow should not have put in a court report that plaintiff used her church for transportation. Id. at 5. Sue Winslow and Allison Ellis of the Department of Child Protective Services would not serve plaintiff or give her court reports, in violation of plaintiff's due process rights. Id. at 6. Allison Ellis reported that plaintiff's child was physically endangered, even after plaintiff gave her information that the police had dropped charges connected with the case. Id. at 7. Finally, Sue Winslow withheld the complete case plan and kept saying that plaintiff did not finish parenting class, when in fact plaintiff was pulled out of one class but did finish another. Id. at 8.

   B. Analysis

Plaintiff's complaint must be rejected because the facts alleged do not state a claim upon which relief can be granted. Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983, are predicated on facts that do not amount to a constitutional deprivation. In order to

proceed pursuant to § 1983, plaintiff must plead and prove that she was deprived of a right within the coverage of the statute; the facts must show that the injury suffered infringed a right guaranteed by federal law or the federal Constitution. Baker v. McCollan, 443 U.S. 137, 142, (1979); Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir.1986). Plaintiff's factual allegations do not support a constitutional deprivation under the First or Fourteenth Amendment, or any other federally protected right of which the court is aware.

1. Plaintiff Does Not State a First Amendment Claim

The First Amendment to the Constitution holds that "Congress shall make no law respecting an establishment of religion ["Establishment Clause"], or prohibiting the free exercise thereof ["Free Exercise Clause"]; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff invokes the First Amendment in relation to her allegation that CPS employee Sue Winslow put into a court report that plaintiff used her church for transportation. ECF No. 1 at 5.

The first possible basis for plaintiff's First Amendment claim, the Establishment Clause, "applies not only to official condonement of a particular religion or religious belief, but also to official disapproval or hostility towards religion." Am. Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120-21 (9th Cir. 2002). "In Lemon v. Kurtzman, 403 U.S. 602, (1971), the Supreme Court established the now widely known "Lemon test" for analyzing government conduct under the Establishment Clause of the First Amendment. To survive the test, the government conduct at issue must (1) have a secular purpose, (2) not have as its principal or primary effect advancing or inhibiting religion and (3) not foster an excessive government entanglement with religion." Id. at 1121. Plaintiff alleges only that a CPS worker wrote down the fact that plaintiff uses her church for transportation. ECF No. 1 at 5. Whether or not the statement was true, it was made in a factual report for a secular purpose. Reporting this fact does not advance or inhibit religion in any way, nor does it foster any entanglement between government and religion. Plaintiff's facts, as alleged, cannot support an Establishment Clause claim.

An individual may also bring a First Amendment § 1983 case under the Free Exercise Clause. In very general terms, there may be a Free Exercise violation if a government action "substantially burdens" a religious practice. Am. Family Ass'n, Inc., 277 F.3d at 1124. The alleged government action here, making a factual note in a case file, does not burden the exercise of religion at all. ECF No. 1 at 5. Thus, plaintiff does not state a claim upon which relief can be granted.

### 2. Plaintiff Does Not State a Due Process Claim

Plaintiff's Fourteenth Amendment claim, which is also listed a Fifth Amendment claim, ECF No. 6 at 8, alleges her due process rights were violated because she was not served with court reports or was served under another name. ECF No. 1 at 6. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). It is established in the Ninth Circuit that "parents with even fewer [than full] custody rights . . . —parents with no legal or physical custody, but merely visitation rights—have "a liberty interest in the companionship, care, custody, and management of their children[.]" James v. Rowlands, 606 F.3d 646, 651 (9th Cir. 2010)(internal quotations omitted). While a due process claim may be available here, plaintiff's complaint does not provide the court with enough facts to determine whether one exists. For example, plaintiff does not tell the court what type of custody she has, exactly what orders/court documents she was not served with, or how she was harmed by the alleged failure of service. ECF No. 1 at 6. For this reason, plaintiff's due process claim fails.

### 3. Other Claims

Plaintiff's complaint references claims for "false court reporting" and "case plan set up to fail." ECF No. 1 at 7-8. These are not cognizable claims under any theory of which the court is aware. To the extent plaintiff is attempting to bring criminal charges, initiate a criminal investigation, or make a civil claim based on a criminal statute (see "indictment" language at ECF No. 1 at 4), she cannot do so. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718

5

(1997). Accordingly, criminal law provides no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff does not state any claim upon which relief can be granted in her reference to "false court reporting" or "case plan set up to fail."

## II. AMENDING THE COMPLAINT

Because the complaint does not state a claim, it will not be served. However, plaintiff will be provided the opportunity to amend her complaint.

If plaintiff chooses to amend, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The facts in your complaint do not support a claim under the First Amendment because it does not appear that the defendant interfered with your religious practices. Your due process claim does not have enough facts supporting it. The court cannot tell what court orders or documents were not served on you, or how you were harmed by not being served.

You are being given 30 days to submit an amended complaint that provides enough facts to support your claims. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, your case cannot go forward. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////
////
////
////
///

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: November 1, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE